In the Matter of ROBERT E. LEVERTON, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, February 25, 1977

*William H. Gage (Paul J. Ginnelly* of counsel), for petitioner.

*Langan, Grossman, Kinney & Dwyer (Anthony J. Langan* of counsel), for respondent.

*Per Curiam.* Petitioner, New York State Bar Association, has charged respondent, Robert E. Leverton, an attorney admitted to practice in this Department on March 11, 1953, with violation of several canons of the Code of Professional Responsibility. In the petition filed with this court it alleges that he undertook to represent clients who were involved in an automobile accident in 1965. He met with them personally and spoke to them over the telephone on a number of occasions from 1965 to 1968 and assured his clients that he was pursuing the matter on their behalf. In the fall of 1968, just prior to the expiration of the Statute of Limitations, respondent advised his clients that the case was in suit and that it would take approximately two years to get it on the court calendar. It appears, however, that on November 8, 1968 respondent had merely caused a summons to be delivered to the Sheriff of Onondaga County who was unable to effect service and later returned the summons to respondent in January, 1969. Respondent did not inform his clients that their action had not been commenced or that the Statute of Limitations had run on their negligence case. Instead, respondent continued to assure them that he was handling their case for them even after the clients had retained new counsel in 1972 and had learned from him that respondent had not commenced an action on their behalf. In 1975 the clients recovered a $12,108.71 judgment in a malpractice action which they instituted against respondent. Respondent with candor has admitted these allegations and taken responsibility for the matter. He has paid this judgment in full.

While respondent's conduct violated canons 1, 6, 7 and 9 of

the Code of Professional Responsibility (EC 1-1; EC 6-1; EC 6-4; EC 9-2; DR 1-102 [A] [4]; DR 6-101 [A] [3]; DR 7-101 [A] [2]) he has a previous 24-year unblemished record in the practice of law. Under the circumstances we believe an appropriate penalty is the censure of respondent.

MARSH, P. J., MOULE, DILLON, GOLDMAN and WITMER, JJ., concur.

Order of censure entered.